**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Bryan J. Weintrop (SBN 307416)
  bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant
One Technologies, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Aaron Hicks,<br><br>        Plaintiff,<br><br>   v.<br><br>One Technologies LLC d/b/a Freescore360.com; and DOES 1-100 inclusive,<br><br>        Defendants. | CASE NO.<br><br>**DEFENDANT ONE TECHNOLOGIES, LLC'S NOTICE OF REMOVAL**<br><br>Orange County Superior Court<br> Case No. 30-2020-01146358-CL-MC-CJC]<br><br>Action Filed:        June 12, 2020<br>Complaint Served: August 26, 2020<br>Removed:             September 23, 2020 |

50019911

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, defendant One Technologies, LLC hereby removes to this Court the above-captioned action from the Superior Court of the State of California for the County of Orange, for the reasons set forth below.

### *Statement of the Case*

1.  On June 12, 2020, plaintiff Aaron Hicks filed a civil action in the Superior Court of the State of California for the County of Orange, entitled *Hicks v. One Technologies LLC* (Case No. 30-2020-01146358-CL-MC-CJC). Based on "*at least* twenty-five (25) spams [allegedly unlawful Unsolicited Commercial E-mails]" (Compl., ¶ 47) (emphasis in original), the complaint alleges one cause of action for Violations of California Business and Professions Code section 17529.5 (*id.*, ¶¶ 120-131).

### *This Court Has Diversity Jurisdiction*

2.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, such that this Court has subject matter jurisdiction over the dispute. *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.

3.  According to his complaint, "Plaintiff is now, and at all times relevant has been, an individual domiciled in the State of California, County of Orange." Compl., ¶ 18.

4.  At the time the complaint was filed and through the time of this filing, One Technologies has been (and is) a Delaware limited liability company headquartered in Dallas, Texas. One Technologies' principal place of business has been (and is) in Texas, and not California. One Technologies' members are all individuals domiciled in Texas. None of its members are domiciled in California.

### *The Amount in Controversy Exceeds $75,000*

5.  Plaintiff states in the complaint that "The amount in controversy,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

*exclusive of fees and costs*, does not exceed $25,000." (Compl., ¶ 34 (emphasis added).) However, when assessing whether the plaintiff's claims meets the amount in controversy requirement of § 1332(a), the Court may consider the amount of the recovery of attorneys' fees, if a plaintiff is suing under a statute that authorizes an award of fees to a prevailing party. *Silverstein v. Keynetics, Inc.*, No. 18-cv-4100, 2018 WL 5795776, at *3 (C.D. Cal. Nov. 5, 2018) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *see also Soriano v. LendingTree, LLC*, No. 17-cv-07078, 2018 WL 1788456, at *3 (N.D. Cal. Apr. 16, 2018). The amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if he prevails. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Accordingly, future attorney's fees are properly included in the calculation of the amount in controversy, *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018), and the amount of attorney's fees properly considered is the amount the plaintiff is reasonably anticipated to recover in the event the plaintiff prevails. *Soriano v. LendingTree, LLC*, No. 17-cv-07078, 2018 WL 1788456, at *2 (N.D. Cal. Apr. 16, 2018).

6.   In this case, the amount in controversy exceeds $75,000. Though plaintiff fails to precisely quantify the amount of damages sought in the complaint, plaintiff alleges that *at least* 25 allegedly unlawful emails are at issue (Compl., ¶ 47.) California Business and Professions Code section 17529.5, the statute under which plaintiff sues, authorizes "[l]iquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement transmitted in violation of this section, up to one million dollars ($1,000,000) per incident." *See* Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii); *see also* Compl., Prayer for Relief ("WHEREFORE, Plaintiff prays that judgment be entered against Defendant for: . . . Liquidated damages of $25,000 against Defendant in the amount of each of the $1,000 per each of the twenty-five (25) unlawful spam e-mail, as authorized by

2

Bus. & Prof. Code § 17529.5(b)(1)(B)(ii). . . ."). Thus, plaintiff requests $25,000 in liquidated damages for the 25 allegedly unlawful emails.

7. The statute at issue authorizes an award of attorney's fees to a prevailing plaintiff. Cal. Bus. & Prof. Code § 17529.5(b)(1)(C) (a "prevailing plaintiff [] may also recover reasonable attorney's fees and costs."). *See also* Compl., Prayer for Relief ("WHEREFORE, Plaintiff prays that judgment be entered against Defendant for: . . . Reasonable attorneys' fees and costs as authorized by Bus. & Prof. Code § 17529.5(b)(1)(C).…").

8. Plaintiff's attorney's fees will exceed $50,000. Although the plaintiff does not specifically state or allege in the complaint the amount of attorneys' fees he seeks in relief pursuant to statute, at least one other plaintiff bringing suit under Cal. Bus. & Prof. Code § 17529.5 has sought and obtained attorneys' fees awards in excess of the amount in controversy threshold of $75,000. *Balsam v. Trancos, Inc.,* 203 Cal. App. 4th 1083, 1103, 138 Cal. Rptr. 3d 108, 123 (2012). In *Balsam v. Trancos*, the plaintiff challenged eight commercial emails and recovered $7,000 in liquidated damages, after a trial on the merits as to his claims under Cal. Bus. And Prof. § 17529.5. The plaintiff's attorney sought $133,380 in attorney's fees. *Balsam v. Trancos, Inc.,* 203 Cal. App. 4th 1083, 1103, 138 Cal. Rptr. 3d 108, 123 (2012). The *Balsam* court ultimately reduced the attorneys' fees award pursuant to statute to $81,900 and found that attorney's fees of $400 per hour were reasonable. *Id.* at 1104. The *Balsam* court also found that it was reasonable for two attorneys to bill 231.5 hours in prosecuting the action (156 hours for one attorney, and 75.5 hours for another). *Id*.

9. The number of emails at issue in *Balsam v. Trancos* (8 commercial emails) is less than one-third of the number of commercial emails challenged by plaintiff in this action (25). In addition, the hourly rate of plaintiff's counsel in this case is higher than the rate billed by the attorneys in *Balsam v. Trancos.* Plaintiff's counsel recently sought, and a court approved, an award of attorney's fees at a rate

of $450 per hour for David McGlothlin. *See Morrison v. Express Recovery Services, Inc.*, Case No. 1:17-cv-0051, 2020 WL 3791893, at *3 (D. Utah July 7, 2020). Applying plaintiff's counsel hourly rate of $450 per hour, plaintiff's attorney would need to bill only 112 hours thru trial (less than half the amount billed by the attorneys in *Balsam v. Trancos*) to reach over $50,000 in fees and exceed the statutory amount in controversy threshold.  Plaintiff's counsel Assuming a blended rate of $350 per hour for attorneys at different levels at plaintiff's counsel's firm, plaintiff's attorneys would need to bill only 143 hours thru trial, substantially less than the time billed by the attorneys in *Balsam*, to reach the minimum amount in controversy.

10. Further, if the amount of attorneys' fees sought by plaintiff and his counsel, pursuant to Cal. Bus. & Prof. Code § 17529.5 in *Balsam v. Trancos* is sought here, the total amount of relief sought by plaintiff increases to $158,380 ($133,380 in attorneys' fees and $25,000 in liquidated damages). This amount far exceeds the $75,000 amount in controversy threshold required for this Court to exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

11. Even if the Court were to only add the amount of the attorneys' fees award actually granted by the trial court in *Balsam v. Trancos*, the amounts in controversy here would be $106,900 ($81,900 in attorney's fees plus $25,000 in liquidated damages), thereby exceeding the statutory threshold of $75,000.

12. Accordingly, plaintiff pleads entitlement to at least $75,000 (exclusive of interest and costs)—well in excess of the minimum amount in controversy required to establish diversity jurisdiction.  In all events, One Technologies reserves all rights to oppose any request for attorneys' fees that plaintiff's counsel might make as well as the reasonableness of such fees.

### *Procedural Requirements for Removal Are Met*

13. This Notice of Removal is timely filed under 28 U.S.C. § 1446, as it is filed within 30 days of One Technologies' receipt of the initial pleading purporting

4

NOTICE OF REMOVAL

50019911

to set forth the claims for relief on which this action is based.

14. One Technologies received the Summons and Complaint on August 26, 2020. One Technologies provided the Notice and Acknowledgment of Receipt to plaintiff on September 2, 2020. The filing of this notice of removal, therefore, is timely because One Technologies is filing it "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

15. One Technologies is filing herewith true and correct copies of the state court filings with which it has been served, including copies of all process, pleadings, and orders. *See* Exhibit 1 (Complaint); Exhibit 2 (Summons); Exhibit 3 (Civil Case Cover Sheet); Exhibit 4 (Notice And Acknowledgment Of Receipt).

16. Pursuant to 28 U.S.C. §§ 84(c), 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Central District of California, which is the Federal District Court embracing the state court where this action was filed.

17. Pursuant to 28 U.S.C. § 1446(d), One Technologies is filing with the clerk of the Superior Court of the State of California for the County of Orange, and serving upon plaintiff, a Notice to Adverse Party and State Court of Removal of Action to Federal Court. Proof of same will be filed with this Court.

18. One Technologies has complied with 28 U.S.C. § 1446(b)(2)(A) insofar as there are no other defendants that must join in or consent to the removal. The other defendants, unknown Does 1-100, are not required to join in or consent to the removal. *See, e.g.*, *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980).

19. No previous application has been made for the relief requested herein.

20. This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

21. One Technologies reserves the right to amend or supplement this Notice of Removal.

22. Should plaintiff seek to remand this case to state court, One Technologies respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, One Technologies asks that the Court retain jurisdiction and allow One Technologies to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

## *Conclusion*

Accordingly, One Technologies respectfully requests that this action be removed to this Court.

Dated: September 23, 2020

VENABLE LLP

By: /s/ Ari N. Rothman
Ari N. Rothman
Bryan J. Weintrop
Attorneys for Defendant
One Technologies, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, California.

On **September 23, 2020**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT ONE TECHNOLOGIES, LLC'S NOTICE OF REMOVAL** on the interested parties in this action addressed as follows:

| | |
|---|---|
| David J. McGlothlin<br>Veronica Cruz<br>KAZEROUNI LAW GROUP PC<br>245 Fisher Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Email: david@kazlg.com<br>Email: veronica@kazlg.com | Attorneys for Plaintiff<br>Aaron Hicks |

☑   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑   **BY MAIL (FRCP 5(b)(2)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2300, Los Angeles, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 23, 2020**, at Los Angeles, California.

_____
Arkisa Ward